*525 OPINION of the Court, by
Judge Logast.
*-The points presented for our determination in this case, will be more correctly understood, by adverting to the case between the same parties, decided fall term 1810, (2 Bibb 171.) It was in that case determined that Fleming was entitled to 400 acres out of one of two tracts of land, hut that the representatives of Harrison might convey of either of those tracts: that the covenant of their ancestor was to convey ; and that its perform-anee devolved on them, without any precedent act on the part of Fleming. A conveyance has not been made ; none has been tendered, until it is now ascertained that almost the whole of one of the tracts is actually taken by a paramount claim j and the devisees of Harrison have *526 received from the successful claimant compensation for the improvements.
I he court below decreed a conveyance of 146| acres* part of that tract out of which the appellees had elected C0(ivey . and compensation in damages for the residue of the 400 acres, to be ascertained at the period of executing the bond •, from which Fleming has again apPealed-
The case of M’Connell’s heirs vs. Dunlap’s devisees, referred to in the opinion of the inferior court, (Hard. 42) we ⅛⅛⅛ f{oes 110[ support the decision in this case, So far from it, that a decree for 250 acres, part of 500 acres which the obligor had covenanted to convey, was held erroneous: and surely in this case, a decree for 14fi| acres, part of 400 acres which he had covenanted to convey, cannot be less so. As the obligor was bound to convey of one of two particular tracts, and has failed to do so, until so much of one of those tracts is recovered from him, that he cannot comply with his covenant by conveying of that tract, the only alternative left is a conveyance of 400 acres of the other tract.
The decree must be reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.