FOSTER
vs.
FLETCHER.

---

## Harrison's devisees vs. Fleming.

Appeal from the Mason Circuit; WM. P. ROPER, Judge.

Occupants, bona fide and mala fide. Improvements. Devisees. Practice in Chancery.

Judge MILLS delivered the Opinion of the Court.

THIS is a fragment of, or rather a supplement to, a controversy well known in this court, as will be seen by the reported cases, 2 Bibb, 171; 4 Bibb, 525; Harrison's devisees vs. Baker, 5 Litt. Rep. 250.

By these reported cases, it will be discovered, that Fleming recovered from the devisees of Harrison, four hundred acres of land, by a decree of specific performance of a bond given by the testator of the Harrisons to George Stockdon, which had passed to Fleming, the appellee, by several assignments. Baker, under Stockdon, the original obligee, had settled on one end of the tract, which contained upwards of 500 acres. One of the devisees or heirs of Harrison settled on the other end, and brought his ejectment, and recovered his judgment against Baker. As the tract contained more than 400 acres, Harrison's devisees, the present appellants, had their election given them from which end the 400 acres should be taken. They elected to convey the end including their own improvements, and to keep the end improved by Baker.

Baker brought his bill for compensation for improvements, and has been defeated on the ground that the claim under which he improved was too uncertain and contingent to demand his confidence, or to afford him a reasonable presumption that he could keep the land.

CHANCERY.

Case 110.

October 9.

Case formerly here.

Statement of facts.

Baker's bill dismissed.

HARRISON'S
devisees
vs.
FLEMING.

Harrison's devisees now bring their bill for compensation for their improvements, which they made on the land which they have been compelled to surrender in discharge of the bond of their ancestor or testator.

Bill of Harrison's devisees

The claim has been resisted, on the ground that the case was not one which would warrant compensation, or if it was, that the claim was, or ought to have been, disputed in the original suit brought for the land.

Defence of
Fleming.

Decree of the circuit court.

The court below decided against compensation, and the heirs or devisees of Harrison have appealed.

*Bona fide* occupants only, are entitled to compensation for improvements by the common law.

We deem the case of Harrison's devisees vs. Baker, before cited, decisive of their present controversy in principle. If, owing to the known uncertainty that the bond given by Harrison to Stockdon would ever cover the land occupied by Baker, he could not be considered a *bona fide* and innocent possessor, deceived into making improvements under a title which appeared fair, till legally investigated, and he has been considered as improving at his peril, with his eyes open, upon a known hazard of loss, certainly the devisees of Harrison, the present appellants, must be considered as improvers under a title equally uncertain, and acting at *their* peril. They knew that the bond of their ancestor was out, binding them to convey 400 acres out of either one or the other of two tracts, and that it was liable to fall on that tract which they improved, in the event of their failing to elect to convey, or being able to convey, the other. Moreover they were apprised at the moment of their settlement and first improvement, that the holder of the bond claimed the satisfaction thereof out of this tract, and had settled a tenant thereon. They had made but little progress in improving, before the suit in chancery was brought claiming a specific performance out of this very tract; and most of the improvements have been made pending that protracted, and obstinate controversy, in which they were ever unsuccessful. Add to this, they might have saved the most of their improvements by placing the 400 acres on the other end of the tract, covering the improvements of

Devisees who settle and improve land the testator had given his obligation to convey, with full knowledge of the claim, shall not be allowed compensation for their improvement

Baker made under the bond, and reserving their own. This however they refused to do, and after pressing upon the appellee the great bulk of their improvements, when they might have saved them, they now demand the price of them. This is claiming to sell their improvements, by forcing a contract through the instrumentality of the extraordinary powers of the chancellor in decreeing specific performance. This is not a case in the slightest degree akin to the cases provided for by the acts respecting occupying claimants of land. It is a case where the appellants have not lost land which they believed to be their own, but where they have been compelled to give up land, which their ancestor or testator had sold, and agreed to convey, and which they refused to convey until compelled by the extremity of law, and which they could not avoid conveying. If the vendor of land or his heirs, after a sale thereof, can be allowed to improve it, and then to tax the vendee with the price of these improvements, before he can enjoy the land in any case, it must be one of circumstances more peculiar and extraordinary than the present. This bond claimed some land, and was liable contingently to fall on either tract, until it was satisfied. In the current of events it had to fall on the tract improved by the devisees, or to remain unsatisfied. Their improvements must go with the event, as one to which they were always exposed in the knowledge of all concerned.

This relieves us from deciding the question, whether the claim is barred, because it was or was not asserted, when it might have been, in the original suit. We observe that the improvements were relied on in the answer to the original suit, and we shall barely remark, that the chancellor never admires the splitting up of controversies into numerous suits, where they may be decided in one.

Decree affirmed with costs.

*Triplett* for appellants; *Crittenden* for appellee.

HARRISON's devisees vs. FLEMING.

Bar by former decision. Equity does not admire the splitting of controversies into numerous suits.